**No. 15-2133**

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**
_____

KRYSTAL JOHNSON,

*Plaintiff-Appellant,*

v.

JESSE QUATTLEBAUM, in his individual and official capacities; TOWN OF
SALUDA; and HONORABLE ALAN WILSON, in his official capacity,

*Defendants-Appellees.*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA AT ANDERSON DIVISION**

---

**RESPONSE BRIEF OF APPELLEES JESSE QUATTLEBAUM, TOWN OF
SALUDA, AND THE HONORABLE ALAN WILSON**

---

Eugene H. Matthews
Sheila M. Bias
RICHARDSON PLOWDEN & ROBINSON, P.A.
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400

Alan Wilson, Attorney General
Robert D. Cook, Solicitor General
J. Emory Smith, Jr., Deputy Solicitor General
OFFICE OF THE SOUTH CAROLINA ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
(803) 734-3680

***Counsel for Appellee***
***The Honorable Alan Wilson, in his official capacity***


Michael S. Pauley
Federal ID No.: 6183
Post Office Box 2189
Lexington, South Carolina 29072
Telephone: (803) 808-1799
Facsimile: (803) 808-1887
Email: mpauley@pauleylawfirm.com
***Counsel for Appellees***
***Jesse Quattlebaum and Town of Saluda***

# **TABLE OF CONTENTS**

Table of Authorities ........................................................................ ii

Statement of Jurisdiction................................................................  1

Statement of the Issues..................................................................  1

Statement of the Case....................................................................  1

     A.   Procedural History .........................................................  1

     B.   Relevant Facts ...............................................................  3

Summary of Argument ...................................................................  5

Standard of Review .......................................................................  7

Argument.......................................................................................  7

     I.   S.C. Code Ann. § 16-17-530 is not unconstitutionally "overbroad"
        because the statute covers a class of speech not protected by the
        First Amendment ...........................................................  8

     II.  S.C. Code Ann. § 16-17-530 is not unconstitutionally vague
        because there is no evidence the statute is impermissibly vague
        in all applications ..........................................................  13

Conclusion ....................................................................................  18

Certificate of Compliance ..............................................................  20

Certificate of Service ....................................................................  22

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................................................... 7

*Chaplinsky v. New Hampshire,*
    315 U.S. 568 (1942)........................................................... 6, 9, 10, 17

*City of Columbia v. Moser,*
    280 S.C. 134, 311 S.E.2d 920 (1983) ........................................ 16

*City of Landrum v. Sarratt,*
    352 S.C. 139, 572 S.E.2d 476 (S.C. Ct. App. 2002).............. 8, 9, 10, 11, 12

*Cox v. State of Louisiana,*
    379 U.S. 559 (1965).............................................................. 14, 15

*Grayned v. City of Rockford,*
    408 U.S. 104 (1972)..................................................................... 8

*Gooding v. Wilson,*
    405 U.S. 518 (1972)........................................................... 6, 9, 10

*Hill v. Colorado,*
    530 U.S. 703 (2000).................................................................. 13

*Roth v. United States,*
    354 U.S. 476 (1957)................................................................... 17

*Scott v. United States,*
    328 F.3d 132 (4th Cir. 2003) ................................................... 13

*State v. Curtis,*
    356 S.C. 622, 591 S.E.2d 603 (2004) .................................... 6, 16

*State v. Perkins,*
    306 S.C. 353, 412 S.E.2d 385 (1991) ........................................ 10

*State v. Roper,*
   274 S.C. 14, 260 S.E.2d 705 (1979) ........................................................... 11

*Tallman v. United States,*
   465 F.2d 282 (7th Cir. 1972) ..................................................................... 17

*Town of Mount Pleasant v. Chimento,*
   401 S.C. 522, 737 S.E.2d 830 (2012) ............................................... 6, 14, 16

*Village of Hoffman Estates v. Flipside, Hoffman Estates,*
   455 U.S. 489 (1982) .................................................................................. 8, 13

*Vernon Beigay, Inc. v. Traxler,*
   790 F.2d 1088 (4th Cir. 1986) ................................................................... 16

*Weidman v. Exxon Mobil Corp.,*
   776 F.3d 214 (4th Cir. 2015) ....................................................................... 7

## **Statutes**

18 U.S.C. § 1464 ....................................................................................... 16

28 U.S.C. § 1331 ......................................................................................... 1

42 U.S.C. § 1291 ......................................................................................... 1

42 U.S.C. § 1983 ..................................................................................... 1, 2

S.C. Code Ann. § 16-17-530 .................................................................. *passim*

## STATEMENT OF JURISDICTION

Appellees Attorney General Alan Wilson agrees with Appellant that the United States District Court for the District of South Carolina possessed subject matter jurisdiction of this case under 28 U.S.C. § 1331, as the Appellant's sole claim against this Appellee was brought under 42 U.S.C. § 1983.

This Court possesses appellate jurisdiction pursuant to 28 U.S.C. § 1291, as the United States District Court for the District of South Carolina issued a final judgment with regard to the issues which are the subject of this appeal.

## STATEMENT OF THE ISSUES

1.    The District Court did not err in finding S.C. Code Ann. § 16-17-530 is not unconstitutionally overbroad because the statute covers a class of speech not protected by the First Amendment.

2.    The District Court did not err in finding S.C. Code Ann. § 16-17-530 is not unconstitutionally vague because there is no evidence the statute is unconstitutionally vague in all applications.

## STATEMENT OF THE CASE

### A.   PROCEDURAL HISTORY.

Appellee Alan Wilson is the Attorney General of the State of South Carolina (hereinafter, "Attorney General Wilson") and Appellant has sued Attorney General Wilson in his official capacity.  The sole allegation in this matter against Attorney General Wilson was raised under 42 U.S.C. § 1983 and *Ex parte Young* principles. *See* Complaint, NEF Dkt. #1, Count IV.   Specifically, Appellant sought a declaratory judgment that S.C. Code Ann. § 16-17-530 (b) is unconstitutionally vague and overbroad. *See* Complaint, NEF Dkt. #1, Count IV.  Attorney General Wilson filed a Motion to Dismiss. *See* Motion to Dismiss, NEF Dkt. #20. Appellant filed a Motion for Partial Summary Judgment on the constitutionality of S.C. Code Ann. § 16-17-530(b). *See* Motion for Partial Summary Judgment, NEF Dkt. #21. The Magistrate Judge issued a Report and Recommendation recommending the Motion to Dismiss be granted and that the Motion for Partial Summary Judgment be denied. *See* NEF Dkt. #40.   The District Judge adopted the Report and Recommendation and granted the Motion to Dismiss. *See* NEF Dkt. #61.  This Appeal follows.

2

**B.**    <u>RELEVANT FACTS</u>.

Appellant alleges that on March 10, 2014, she summoned the police to help her retrieve her car keys from a family member, who did not want to turn them over. (App. at 24). Defendant Jesse Quattlebaum, an officer with the Town of Saluda Police Department, responded to the scene. (App. at 24).

During the trial of this matter, Officer Quattlebaum testified that as he exited his patrol vehicle, Appellant stated "in a very loud and boisterous manner, 'This is some motherfucking shit.'" (App. at 25). Defendant Quattlebaum observed that there were two small children in the yard of the residence and several people standing in the street. (App. at 25). Defendant Quattlebaum further testified that the words were uttered within fifty to sixty yards of a church. (App. at 25). Defendant Quattlebaum arrested Appellant because "she used a word that, in [his] opinion, and in society, is looked down upon as profane language and as a curseword." (App. at 28).

During the trial, Appellant filed a Motion to Dismiss, alleging S.C. Code Ann. § 16-17-530 was unconstitutional due to vagueness as to the term "profane." Appellant simultaneously argued that her conduct could not be considered profane under the statute and she should therefore be acquitted of violating the statute. (App. at 21-23; 27-28).

At the close of the evidence, Appellant renewed her Motion to Dismiss on constitutional grounds and moved for a judgment of acquittal. (App. at 27). The municipal court judge granted the Motion for Acquittal, finding that "this is some motherfucking shit" was not profane within the meaning of the statute. (App. at 28).

Following her acquittal, Appellant brought this action against Officer Quattlebaum, the Town of Saluda, and Attorney General Wilson regarding her arrest.

## <u>SUMMARY OF ARGUMENT</u>

Appellant's brief fails to raise any arguments which have not been previously found wanting by the United States Magistrate Judge and the United States District Court. The District Court properly found that S.C. Code Ann. § 16-17-530(b) is not unconstitutionally vague nor overbroad.

As a whole, S.C. Code Ann. § 16-17-530 states as follows:

> Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner, (b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church or (c) while under the influence or feigning to be under the influence of intoxicating liquor, without just cause or excuse, discharge any gun, pistol or other firearm while upon or within fifty yards of any public road or highway, except upon his own premises, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars or be imprisoned for not more than thirty days.

Thus, under South Carolina law, it is a misdemeanor to "use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church." S.C. Code Ann. § 16-17-530(b).

Appellant argues S.C. Code Ann. § 16-17-530 is overbroad, vague, and therefore unconstitutional. However, Appellant's claims are specious. With regard to Appellant's "overbreadth" argument, a state criminal statute that punishes only spoken words can withstand an attack upon its facial constitutionality on

5

grounds of "overbreadth" if, as authoritatively construed by the state courts, it does not apply to speech that is protected by the First and Fourteenth Amendments. *Gooding v. Wilson*, 405 U.S. 518, 520, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942). South Carolina courts have construed S.C. Code Ann. § 16-17-530 as encompassing "fighting words" which is speech not protected by the First Amendment.

Similarly, with regard to Appellant's "vagueness" argument, a Court must look first to see whether the allegedly unconstitutional statute has been interpreted or limited by prior judicial decisions. *Town of Mount Pleasant v. Chimento*, 401 S.C. 522, 737 S.E.2d 830 (2012). Furthermore, a statute is not unconstitutionally vague "if a person of ordinary intelligence seeking to obey the law will know, and is sufficiently warned of, the conduct the statute makes criminal." *State v. Curtis,* 356 S.C. 622, 629, 591 S.E.2d 600, 603 (2004). Here, the statute in question has been interpreted by prior South Carolina court decisions as encompassing "fighting words." Because the statute does not reach constitutionally protected conduct, a vagueness challenge would only be successful upon a showing that the law is impermissibly vague in all its applications. Here, Appellant cannot make such a showing. Thus, the District Court properly upheld the constitutionality of the statute and dismissed the claim against Attorney General Wilson.

## STANDARD OF REVIEW

This Court reviews the grant of a Motion to Dismiss for failure to state a claim de novo. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

## ARGUMENT

The District Court properly granted the Motion to Dismiss in favor of Attorney General Wilson. Appellant's arguments regarding the unconstitutionality of S.C. Code Ann. § 16-17-530(b) continue to be unsupported by the jurisprudence on this issue. S.C. Code Ann. § 16-17-530(b) has been authoritatively construed by South Carolina state courts to (1) encompass speech not otherwise constitutionally protected by First and Fourteenth Amendments, and (2) apprise a person of ordinary intelligence of the conduct the statute makes criminal. For these reasons, the claim against the South Carolina Attorney General was properly dismissed.

7

I.    **S.C. CODE ANN. § 16-17-530(B) IS NOT UNCONSTITUTIONALLY "OVERBROAD" BECAUSE THE STATUTE COVERS A CLASS OF SPEECH NOT PROTECTED BY THE FIRST AMENDMENT.**

The District Court properly found S.C. Code Ann. § 16-17-530(b) was not unconstitutionally overbroad. Specifically, the District Court adopted the "reasoned conclusions of the Magistrate Judge." (App. at 59). Using the reasoning established by the South Carolina Court of Appeals in *City of Landrum v. Sarratt*, 352 S.C. 139, 572 S.E.2d 476 (S.C. Ct. App. 2002), the Magistrate judge correctly concluded that S.C. Code Ann. § 16-17-530 applies only to "fighting words." (App. at 52-53).

Appellant assigns error to the Magistrate Judge and District Court's consideration of *Sarratt* for an interpretation of the constitutionality of S.C. Code Ann. § 16-17-530(b). Appellant contends *Sarratt* is unreliable in this instance because it is not a ruling of the South Carolina Supreme Court. This argument continues to be without basis. In assessing the constitutionality of a state law or ordinance, "a federal court must, of course, consider <u>any</u> limiting construction that a state court or enforcement agency has proffered." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494 n. 5, 102 S.Ct. 1186, 1191 n.5, 71 L.Ed.2d 362 (1982) (emphasis added); *see also Grayned v. City of Rockford*, 408 U.S. 104, 110, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972).

8

Further, where as here, when the challenged statute is a state criminal statute that punishes only spoken words, the statute can only withstand an attack upon its facial constitutionality on grounds of "overbreadth" only if, *as authoritatively construed by the state courts*, it is not susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments. *Gooding,* 405 U.S. at 520, 92 S.Ct. at 1105; *Chaplinsky* 315 U.S. at 571, 62 S.Ct. at 769. (emphasis added). Thus, the Magistrate Judge and the District Court should and must have accounted for the construction of S.C. Code Ann. § 16-17-530(b) in *Sarratt* when considering the statute's constitutionality. Appellant's attempt to parse and compare her "speech" to First Amendment protected "crude and offensive speech" while turning a deaf ear to *Sarratt* does not magically make her speech protected. Both the Magistrate Judge and the District Court properly found that *Sarratt* authoritatively construed S.C. Code Ann. § 16-17-530(b) as not encompassing speech which is protected by the First or Fourteenth Amendment.

Specifically, in *Sarratt*, the South Carolina Court of Appeals relied on the holdings in *Gooding* and *Chaplinsky* to uphold a conviction under S.C. Code Ann. § 16-17-530(b) on grounds that the utterances at issue were "fighting words." 352 S.C. at 142-143, 572 S.E.2d at 477-478.

The Court in *Sarratt* made specific reference to the guideposts set by the

9

U.S. Supreme Court in limiting the application of S.C. Code Ann. § 16-17-530(b) to <u>only</u> those classes of speech that are not protected by the First and Fourteenth Amendments, such as "fighting words," and detailed the circumstances under which use of obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church could amount to "fighting words." *Id.  See also State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991) (S.C. Supreme Court restricting prosecution under S.C. Code Ann. § 16-17-530(a) in the absence of "fighting words").  With *Sarratt* authoritatively construing S.C. Code Ann. § 16-17-530 to encompass only "fighting words," the Magistrate Judge correctly found the statute was not overbroad.

It is well-settled that "fighting words" fall within the classes of speech not afforded protection under the First Amendment.  *See Chaplinsky* 315 U.S. at 571-72, 62 S.Ct. at 764 (1942).  Thus, S.C. Code Ann. § 16-17-530 does not implicate or apply to a class of speech which is constitutionally protected. Consequently, S.C. Code Ann. § 16-17-530 cannot be unconstitutionally overbroad when, by the South Carolina Court of Appeals' authoritative construction, the statute reaches constitutionally unprotected conduct.  *See Gooding,* 405 U.S. at 520, 92 S.Ct. at 1105; *Chaplinsky* 315 U.S. at 571, 62 S.Ct. at 769.

In addition to adopting the Report and Recommendation, the District Court addressed Appellant's arguments raised in her Objections to the Report and

Recommendation and recited to this Court and properly found them to be unpersuasive. First, the District Court properly found *Sarratt* is not contradicted by *State v. Roper*, 274 S.C. 14, 260 S.E.2d 705 (1979). As argued to the Magistrate and the District Court, the opinion in *State v. Roper* is not inconsistent with *Sarratt*. *Roper* concerned whether a search of an automobile incident to an arrest made under S.C. Code Ann. § 16-17-530(b) was proper.

The *Roper* court found that the officer had ample probable cause to make the arrest – <u>regardless</u> of whether or not the statute was constitutional – and that the search was therefore proper. 274 S.C. at 18, 260 S.E.2d 705. This finding is in no way inconsistent with the applicable ruling in *Sarratt*. *Roper* does not address the constitutionality of S.C. Code Ann. § 16-17-530 in a way that is even remotely parallel to *Sarratt*. In addition, and contrary to Appellant's argument, *Roper* is not the authority which construed S.C. Code Ann. § 16-17-530, *see* Opening Brief, p. 18. *Roper* merely held that a police officer's conduct was proper in the face of a presumptively valid statute, even if the statute could later be determined to be unconstitutional.

Consequently, Appellant did not present to the District Court, nor has she presented to this Court, any compelling reasons as to why *Sarratt's* interpretation of S.C. Code Ann. § 16-17-530 is not dispositive of this issue.

11

Finally, any argument that *Sarratt* must be disregarded because it dealt only with S.C. Code § 16-17-530(a), not S.C. Code Ann. § 16-17-530(b) is without merit.[1]  The Court in *Sarratt* specifically referenced the fact that the "circuit court found that **profane** language must be accompanied by fighting words," and specifically determined that "whether **profane** words constitute fighting words depends upon the circumstances surrounding their utterance."  352 S.C. at 142-143, 572 S.E.2d at 477-478 (emphasis added).  Consequently, and contrary to Appellant's assertions, it is clear that *Sarratt* addressed S.C. Code Ann. § 16-17-530(b).

Based on the foregoing, Appellant's constitutional challenge to S.C. Code Ann. § 16-17-530(b) on grounds of overbreadth was properly dismissed and this Court should affirm the District Court's dismissal.

---

[1] S.C. Code Ann. § 16-17-530(a) applies where a defendant is "conducting himself in a disorderly or boisterous manner."

12

## II. **S.C. CODE ANN. § 16-17-530(B) IS NOT UNCONSTITUTIONALLY VAGUE BECAUSE THERE IS NO EVIDENCE THAT THE STATUTE IS IMPERMISSIBLY VAGUE IN ALL OF ITS APPLICATIONS.**

Regarding Appellant's challenge to the statute on grounds of unconstitutional "vagueness," the District Court and Magistrate properly found that the statute must be "impermissibly vague in all of its applications" for it to be unconstitutional because, as noted *infra*, the challenged law does not reach constitutionally protected conduct. *See Village of Hoffman*, 455 U.S. at 492, 102 S.Ct. at 1190. The District Court found Appellant could not meet this "high burden" on the record. As elucidated by the Magistrate Judge, the term "hearing distance" is not impermissibly vague in *all* of its applications. "'[H]earing distance' is not vague if, for instance, the obscene or profane language is used *on* the schoolhouse or church grounds." NEF Dkt. # 40. Thus, Appellant's vagueness challenge fails.

Moreover, the Magistrate's reasoning and findings with regard to the vagueness analysis provide additional support for the dismissal of Count IV. *Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003) (noting that the Fourth Circuit may "affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court."). Under *Hill v. Colorado*, 530 U.S. 703, 732 (2000), a statute is impermissibly vague if it either (1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it

13

prohibits or authorizes or (2) it authorizes or even encourages arbitrary and discriminatory enforcement. As the Magistrate Judge properly found, neither of the vagueness conditions are present here.

With regard to the arbitrary enforcement aspect, Appellant has resurrected her argument that the statute is vague because it allegedly gives the police unbridled discretion to make arrests. This argument has been soundly rejected by our Supreme Court, when it in *Chimento* stated as follows:

> Moreover, in many cases, it is "up to the police ... to determine just where [a statutory] line is drawn," for example, **where the issue is obscenity**, loitering, disturbing the peace, or driving under the influence. The fact that an officer must make a judgment call does not render a statute unconstitutionally vague, any more than does the fact that a determination of guilt ultimately turns on the evidence (i.e., facts and circumstances) adduced at trial.

*Chimento*, 401 S.C. at 535, 737 S.E.2d at 838, n. 6 (emphasis added). Indeed, Defendant Quattlebaum testified he made a judgment call—specifically that Appellant engaged in conduct which in *his opinion* was profane—in arresting Appellant for violating the statute.

A similar result was reached in *Cox v. State of La*., 379 U.S. 559, 85 S.Ct. 476, 12 L.Ed.2d 487 (1965), where the U.S. Supreme Court discussed a Louisiana statute that criminalized certain disruptive picketing "near" a courthouse. In analyzing the undefined term "near," the Supreme Court found as follows:

> It is clear that there is some lack of specificity in a word such as 'near.' While this lack of specificity may not render the statute

14

unconstitutionally vague, at least as applied to a demonstration within the sight and hearing of those in the courthouse, it is clear that the statute, with respect to the determination of how near the courthouse a particular demonstration can be, foresees a degree of on-the-spot administrative interpretation by officials charged with responsibility for administering and enforcing it…**This administrative discretion to construe the term 'near' concerns a limited control of the streets and other areas in the immediate vicinity of the courthouse and is the type of narrow discretion which this Court has recognized as the proper role of responsible officials in making determinations concerning the time, place, duration, and manner of demonstrations**…It is not the type of unbridled discretion which would allow an official to pick and choose among expressions of view the ones he will permit to use the streets and other public facilities…

379 U.S. at 569, 85 S.Ct. at 483. (citations omitted) (emphasis added). Quite similarly, the statute in question involves – unsurprisingly – some measure of discretion by a police officer, but also is self-limiting to the areas surrounding churches or schools. The statute does not purport to criminalize all "profane" speech, but limits its reach to speech in a limited area that is not constitutionally protected. Just as the term "near" in *Cox* permitted some "narrow discretion," so should the Court in the instant case.

With regard to whether the statute provides people of ordinary intelligence a reasonable opportunity to understand the conduct it prohibits, the Magistrate Judge's reasoning continues to be instructive. Terms like "obscene," "profane," or "hearing distance" are not so vague as a person of ordinary intelligence would not understand the conduct S.C. Code Ann. § 16-17-530 prohibits. Indeed the standing precedence on statutory construction requires ordinary words to be given their

15

ordinary meanings, including those cases directly involving regulation of "obscene" or "profane" words. *Curtis,* 356 S.C. at 629, 591 S.E.2d at 603; *see also City of Columbia v. Moser*, 280 S.C. 134, 136-137, 311 S.E.2d 920, 921 (1983) (statute not unconstitutional where ordinary meaning applied to words like "lewd" or "lascivious"); *Vernon Beigay, Inc. v. Traxler*, 790 F.2d 1088, 1091-1093 (4th Cir. 1986) (rejecting "void for vagueness" challenge to South Carolina statutes regarding "obscenity"); *Curtis,* 345 S.C. at 569-70, 571-572, 549 S.E.2d at 598-599 (rejecting "void for vagueness" challenge where S.C. statutes did not define words such as "foil," "spike," "defraud," "bodily fluids," and "adulterate," but all of these terms have common, ordinary meanings sufficient to proscribe conduct); *Chimento*, 401 S.C. at 534-535, 737 S.E.2d at 838-839 (rejecting "void for vagueness" challenge where S.C. statutes did not define "house used as a place of gaming"). Thus, a person of ordinary intelligence ought to be apprised of the ordinary meaning of the words to understand the conduct which S.C. Code Ann. § 16-17-530 prohibits.

Further, Plaintiff's argument has already been reviewed, and rejected, in earlier decisions. For example, in its review of a constitutional challenge to 18 U.S.C. § 1464, which states that "[w]hoever utters any obscene, indecent, or profane language by means of radio communication shall be fined under this title or imprisoned not more than two years, or both," the Seventh Circuit Court of

16

Appeals rejected the constitutional challenge to the word "profane" as overly broad or vague. *Tallman v. United States*, 465 F.2d 282, 285-286 (7th Cir. 1972). Noting that the term "profane" was inferentially approved in *Chaplinsky*, the court also noted that while "these terms are hardly paragons of precision, but as the Supreme Court emphasized in *Roth*, it 'has consistently held that lack of precision is not itself offensive to the requirements of due process. *** [A]ll that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *Tallman*, 465 F.2d at 286 (quoting *Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957) (internal quotations in *Roth* omitted). Appellant has not presented any argument supported by the jurisprudence of this issue which warrants reversal of the District Court or a finding that S.C. Code Ann. § 16-17-530 is unconstitutional.

Based on the foregoing, Appellant's constitutional challenge to S.C. Code Ann. § 16-17-530(b) on grounds of vagueness was properly dismissed.

17

## CONCLUSION

For the reasons stated above, the Appellee Alan Wilson by and through undersigned counsel, request that this Court affirm the District Court's grant of the Motion to Dismiss. Appellees Quattlebaum and the Town of Saluda join in the foregoing brief.

Dated this the 15th day of December, 2015.

Respectfully submitted,


RICHARDSON PLOWDEN & ROBINSON, P.A.

_____s/Eugene H. Matthews_____
Eugene H. Matthews
Sheila M. Bias
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400


Alan Wilson, Attorney General
Robert D. Cook, Solicitor General
J. Emory Smith, Jr., Deputy Solicitor General
OFFICE OF THE SOUTH CAROLINA ATTORNEY
GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
T: (803) 734-3680
***Counsel for Appellee the Honorable Alan
Wilson, in his official capacity***

18

THE PAULEY LAW FIRM, LLC

_____*s/ Michael S. Pauley*_____
Michael S. Pauley
Federal ID No.: 6183
Post Office Box 2189
Lexington, South Carolina 29072
Telephone: (803) 808-1799
Facsimile: (803) 808-1887
Email: mpauley@pauleylawfirm.com
***Counsel for Appellees Quattlebaum and Town of Saluda***

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 28.1 OR 32(a)</u>

Counsel certifies that this brief complies with the type-volume limitation of Fed.R.App.P. 28.1(e)(2) or 32 (a)(7)(b) because this brief contains approximately **4,138 words**, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using **Microsoft Word** in **14 Point Times New Roman**.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

_____s/Eugene H. Matthews_____
Eugene H. Matthews
Sheila M. Bias
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400

Alan Wilson, Attorney General
Robert D. Cook, Solicitor General
J. Emory Smith, Jr., Deputy Solicitor General
OFFICE OF THE SOUTH CAROLINA ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
T: (803) 734-3680

***Counsel for Appellee the Honorable Alan Wilson, in his official capacity***

20

THE PAULEY LAW FIRM, LLC

___*s/ Michael S. Pauley*_____
Michael S. Pauley
Federal ID No.: 6183
Post Office Box 2189
Lexington, South Carolina 29072
Telephone: (803) 808-1799
Facsimile: (803) 808-1887
Email: mpauley@pauleylawfirm.com
***Counsel for Appellees Quattlebaum and
Town of Saluda***

21

## CERTIFICATE OF SERVICE

I certify that on December 15, 2015 the foregoing document was served on

all counsel of record through the CM/ECF system.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

_s/Eugene H. Matthews_

Eugene H. Matthews
Sheila M. Bias
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400

Alan Wilson, Attorney General
Robert D. Cook, Solicitor General
J. Emory Smith, Jr., Deputy Solicitor General
OFFICE OF THE SOUTH CAROLINA ATTORNEY GENERAL
Post Office Box 11549
Columbia, South Carolina 29211
T: (803) 734-3680

***Counsel for Appellee the Honorable Alan Wilson,
in his official capacity***

THE PAULEY LAW FIRM, LLC

_s/ Michael S. Pauley_

Michael S. Pauley
Federal ID No.: 6183
Post Office Box 2189
Lexington, South Carolina 29072
Telephone: (803) 808-1799
Facsimile: (803) 808-1887
Email: mpauley@pauleylawfirm.com
***Counsel for Appellees Quattlebaum and
Town of Saluda***